MANUEL MELÉNDEZ-MARTÍNEZ, Plaintiff and Appellee, v. CARMEN PÉREZ-DÍAZ, Defendant and Appellant.

No. 4422. Argued May 29, 1928.—Decided November 13, 1928.

Leopoldo and Herminia Tormes for the appellant. Augusto Richard and M. A. Martínez for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The District Court of Aguadilla rendered judgment in the present case sustaining the complaint in an action for divorce

brought by the husband on the ground of abandonment by his wife and in the appeal taken from that judgment the appellant alleges as the first ground for reversal that the trial court erred in overruling the demurrer on the ground of lack of facts to determine a cause of action in that although the complaint charges abondonment for more than one year, it does not give the date from which that year must be reckoned.

That allegation of the complaint is sufficient, for if it is true that there was abandonment for more than one year, he has a cause of action for divorce according to subdivision 5 of section 164 of the Civil Code although no mention is made of the date of the abandonment, for it alleges the existence of the last fact, i. e. the lapse of more than a year, the acts showing abandonment for that time being a matter of evidence at the trial.

It is alleged as a second ground of appeal that the trial court allowed testimony at the trial in regard to the efforts made by the plaintiff to induce the wife to return to the conjugal home while the complaint contained no allegation in that sense; but it will be sufficient to say that the complaint alleges not only the act of abandonment, but also that the wife had the firm and deliberate intention not to live with her husband, which can be shown by his efforts to induce her to return to the abandoned home.

As a third ground of appeal it is said that the trial court committed error in weighing the evidence and in finding that abandonment for more than one year had been proved.

Although the appellant does not refer in her brief to the second part of that assignment of error, we have examined the evidence and find that two witnesses testified to abandonment for one year and a half; that it appears from documents exhibited by the wife at the trial that the complaint was filed after the lapse of one year and some months of separation, and that this fact does not appear to be contradicted by the defendant.

As to whether there was error in weighing the evidence we will say that it is an uncontradicted fact that the wife left the home of the spouses in Aguadilla and went to live in Ponce with her relatives; that she returned to Aguadilla three or four days later and carried the furniture of the house to Ponce, and that some time afterwards she returned to Aguadilla for some pictures which had been left, stopping at a hotel and returning again to Ponce. The contradiction between the allegations and the evidence is in the cause of the separation, for while the evidence of the plaintiff tended to show that the husband treated his wife well and that the quarrels between husband and wife arose from the refusal of the wife to appear in public with her husband because he was black and she was white and also from her refusal to cohabit with him because, according to the husband's testimony, his wife used to tell him that one negro was enough in the house, these quarrels ending in her leaving the home with their only child, the evidence of the defendant undertook to show that the cause of their separation was not that stated in the husband's evidence but that the plaintiff, who is a doctor, had a nurse to whom he gave more attention than to his wife whom he treated cruelly, although no act of cruelty has been stated. This conflict in the evidence was adjusted by the trial court in favor of the plaintiff and we can not conclude from an examination of the evidence that the trial court committed error in weighing it notwithstanding some minor discrepancies in the testmony of one witness and the fact that in a previous marriage of the plaintiff a divorce against him had been obtained on the ground of cruelty. It appears also from the evidence that the wife rejected several times requests made in the name of her husband that she return to the home. It is true that in answering the complaint and at the trial she said that she was willing to live with her husband if he would cease treating her badly and cruelly, but at that time the cause of action of the plaintiff had accrued and could not be thwarted in that way,

apart from the fact that the lower court did not believe that that was her real state of mind.

The appellant also calls attention in her brief to the fact that the plaintiff, having been informed on two occasions of his son's illness in Ponce, did not go to visit him, he being a doctor; but it was shown that the first time he sent his assistant who testified that he found the boy playing in the street, and the second time the father asked Dr. Pila of Ponce by telephone to attend the boy. But even if the plaintiff had done nothing about the illness of his son, that would show lack of affection for his son and something more, but not that he had no cause of action for divorce.

The last ground of appeal is that the judgment is contrary to the evidence and the law.

We have seen that the judgment is not contrary to the evidence; nor is it contrary to the law, because in view of the facts found by the trial court the judgment appealed from is according to the law, for there was abandonment on the part of the wife for more than one year with the decided and proved purpose of not living with her husband, without any justification for her absence from the marital home.

The judgment appealed from must be affirmed.